## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALEB PAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-458-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| WARDEN PERRY PHELPS, MAJOR | ) |
| DAVE K. HOLMAN, SGT. GWENDOLYN) | |
| EVERETT, C/O HAROLD TERHUNE, | ) |
| and C/O KRISTE KENTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Caleb Pair ("Pair"), an inmate at the James T. Vaughn Correctional Center,

formerly the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 8.) The court now proceeds to review and screen

the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Pair was involved in an altercation on March 19, 2007, with the defendants Sgt.

Gwendolyn Everett ("Everett"), C/O Harold Terhune ("Terhune"), and C/O Kriste Kenton

("Kenton"). Pair was charged with assault in the second degree and injury to a law enforcement

officer, tried, and acquitted of the charges. (D.I. 2, ¶ 11, ex. L.) Pair alleges that Everett,

Terhune, and Kenton each used excessive force. Pair alleges that on March 19, 2007, he was

transferred from the medium high housing unit ("MHU") to the security housing unit ("SHU")

and placed in "the hole" for fifteen days without a hearing. (D.I. 2, ¶ 12.) On March 23, 2007,

Pair received a memorandum from the defendant Major Dave K. Holman ("Holman"), dated May 23, 2007, stating that Pair "will remain in SHU as a result of [his] brutal attack on one of [Holman's] officer." Pair alleges that Holman is retaliating against him, continues to inflict punishment on him, and has convicted and sentenced him without due process. (Id. at ¶ 12, ex. G.) Pair alleges that Holman, Everett, Terhune, and Kenton conspired to falsify reports, documents, and statements to justify their actions upon him. Pair alleges that the defendant Warden Perry Phelps allows the retaliation to continue because, even though he was found "not guilty," he is being punished daily. Finally, Pair alleges that Phelps and Department of Correction ("DOC") Commissioner Carl Danberg ("Danberg") allowed correction officers to work excessive amounts of overtime which "created complete deliberate indifference" to him and other inmates.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v.*

-2-

*Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Pair is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Pair proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*,

-3-

–U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Respondeat Superior

Pair names Commissioner Carl Danberg ("Danberg") as a defendant, apparently based upon his supervisory position. Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was incifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." *Id.* He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. *Id.*

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). There is nothing in the complaint to indicate that Danberg was the "driving forces

-4-

[behind]" Pair's alleged constitutional violation.  Moreover, the complaint does not indicate that
Danberg was aware of Pair's allegations and remained "deliberately indifferent" to his plight.
*Sample v. Diecks*, 885 F.2d at 1118.  Accordingly, the claim against Danberg will be dismissed
inasmuch as it has no arguable basis in law or in fact pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1).

### B. Housing/Classification

Pair alleges a violation of his right to due process because he was transferred from MHU
to SHU and placed in "the hole" for fifteen days without a hearing.  In reviewing an alleged due
process violation, it must be determined whether the alleged violation implicates a
constitutionally protected property or liberty interest. *See Sandin v. Conner*, 515 U.S. 472
(1995).  "Liberty interests protected by the Fourteenth Amendment may arise from two sources-
the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466
(1983).  In a prison setting, states may create protected liberty interests.  These interests will be
generally limited to freedom from restraint which, while not exceeding the sentence in such an
unexpected manner as to give rise to protection by the Due Process Clause of its own force,
nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary
incidents of prison life. *Sandin*, 515 U.S. at 484 (internal citations omitted).  Notably, neither
Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an
institution. *See* Del. Code Ann 11, § 6529(e).  Also, it has been determined that the transfer of a
prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'"
even though the change in status involves a significant modification in conditions of
confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 );

-5-

In deciding whether a protected liberty interest exists under *Sandin,* a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The Third Circuit has held that an inmate sentenced to an aggregate of 930 days in disciplinary confinement did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin. *See Young v. Beard*, 227 Fed. Appx. 138 (3d Cir. 2007). According to the allegations in the complaint, Pair spent fifteen days in "the hole" – an amount of time that does not implicate a protected liberty interest. Based upon the relatively short time Pair was confined to administrative segregation, he lacks the requisite liberty interest to implicate a due process violation. Moreover, the decision to place Pair in SHU cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution." Therefore, the court will dismiss the due process claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV. REQUEST FOR COUNSEL

Pair requests counsel on the grounds that he is unable to afford counsel, he had limited knowledge of the law, his ability to litigate is hampered by his incarceration, counsel is better able to present evidence and cross examine witnesses at trial, and counsel is needed to protect him from correction officers' retaliatory actions.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek

representation by counsel for Pair, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:(1) Pair's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Pair to pursue investigation; (4) Pair's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Upon consideration of the record, the court is not persuaded that the request for is warranted at this time. Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Therefore, the court will deny without prejudice the request for counsel. (D.I. 6.)

## V. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the due process claim and the claim against the defendant Carl Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Pair will be allowed to proceed against the remaining defendants. An appropriate

-7-

order will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE

_____, 2008
Wilmington, Delaware

FILED

OCT 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-8-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALEB PAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-458-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| WARDEN PERRY PHELPS, MAJOR | ) |
| DAVE K. HOLMAN, SGT. GWENDOLYN) | |
| EVERETT, C/O HAROLD TERHUNE, | ) |
| and C/O KRISTE KENTON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this _10th_ day of _Oct_, 2008, for the reasons set forth in the

Memorandum issued this date,

1. The due process claim and the claim against the defendant Carl Danberg are

**dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1). He is dismissed from this action.

2. The court has identified what appear to be cognizable claims within the meaning of 28

U.S.C. § 1915A against the defendants Warden Perry Phelps, Major David K. Holman, Sgt.

Gwendolyn Everett, C/O Harold Terhune, and C/O Kriste Kenton. The plaintiff is allowed to

**proceed** against these defendants.

3. The plaintiff's request for counsel is **denied** without prejudice. (D.I. 6.)

4. Within **twenty (20) days** following service, the remaining defendants **shall respond**

to the plaintiff's motion for a temporary restraining order. (D.I. 5.)

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the clerk of the court **original** "U.S. Marshal-285" forms for the **remaining defendants Warden Perry Phelps, Major David K. Holman, Sgt. Gwendolyn Everett, C/O Harold Terhune, and C/O Kriste Kenton,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint (D.I. 2), declaration, (D.I. 4), and motion for a temporary restraining order (D.I. 5) for service upon the remaining defendants and the Attorney General of the State of Delaware. **The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), declaration, (D.I. 4), and motion for a temporary restraining order (D.I. 5), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is

-2-

shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

8. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

CHIEF, UNITED STATES DISTRICT JUDGE



-3-